IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD R. IFERD,
      Plaintiff,

v.                                   5:11cv19/RH/CJK

MICHAEL J. ASTRUE,
Commissioner of Social Security,
      Defendant.

_____

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for attorney fees under the Equal Access to Justice Act (EAJA)(doc. 18) and the defendant's response (doc. 19).  The plaintiff seeks an award of fees in the amount of $873.87.[1] Defendant has responded to the motion and does not contest the amount requested  (doc. 19).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no

---

[1]This amount is calculated from 4.9 total hours, which represents 1.3 attorney hours in 2010 at $175.13 per hour [$227.67], and 3.6 attorney hours in 2011 at $179.50 per hour [$646.20].

special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four.  The application was filed timely, and the Commissioner's position was not substantially justified.  Defendant does not disagree that fees should be paid in this case (doc. 19).  Accordingly, plaintiff is clearly entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Defendant has represented to the court that he does not contest an award of fees of $873.87.  It is therefore RECOMMENDED:

1.      That the plaintiff's petition for attorney fees under the Equal Access to Justice Act (doc. 18) is granted as set forth below.

2.      That plaintiff is entitled to recover  reasonable fees for his counsel's representation before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees of $873.87 under the EAJA is reasonable; and the Commissioner be directed to pay that amount to plaintiff,

Donald R. Iferd, and mailed to his counsel, Heather Freeman, Esq., at her office address.

At Pensacola, Florida this 27th day of September, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).